Malcolm Segal (SBN 075481)
**Segal & Associates, PC**
500 Capitol Mall, Suite 600
Sacramento, CA  95814
Telephone: (916) 441-0886
msegal@segal-pc.com

Steven A. Zalesin *(pro hac vice)*
Joshua Kipnees *(pro hac vice)*
**Patterson Belknap Webb & Tyler LLP**
1133 Avenue of the Americas
New York, NY 10036
Telephone: (212) 336-2000
sazalesin@pbwt.com
jkipnees@pbwt.com

Attorneys for Defendant

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIRREON GOODSON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>- v. -<br><br>KENVUE BRANDS LLC,<br><br>Defendant. | Civil Action No. 24-CV-03152<br><br>**DEFENDANT KENVUE BRANDS LLC'S REQUEST FOR CONSIDERATION AND JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT**<br><br>Date: March 21, 2025<br>Time: 1:30 p.m.<br>Crtrm: 8, 13th Floor<br>Judge: Hon. Dena Coggins |

Pursuant to Federal Rule of Evidence 201, Defendant Kenvue Brands LLC ("Kenvue") requests that this Court consider and/or take judicial notice of certain documents relevant to and referred to in Kenvue's Motion to Dismiss the Amended Complaint (the "Motion"), filed concurrently herewith.

Kenvue's Request for Consideration and Judicial Notice in Support of Motion to Dismiss
Amended Complaint

## I.   LEGAL STANDARD

In resolving a Rule 12(b)(6) motion to dismiss for failure to state a claim, courts may consider "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice," without converting the motion into one for summary judgment. *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007).  Federal Rule of Evidence 201(b) permits a court to take judicial notice of facts "not subject to reasonable dispute because it can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."

Consistent with these principles, when evaluating a motion to dismiss, courts may consider "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the plaintiff's pleading."  *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (cleaned up); *see also Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006) ("A court may consider evidence on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion.").

When considering motions to dismiss complaints that challenge the veracity of labeling statements, courts routinely incorporate by reference the full product label and packaging. *Vampire Family Brands, LLC v. MPBL Brands, Inc.*, No. 20-CV-9482-DMG (ASx), 2021 WL 4134841, at *1–2 (C.D. Cal. Aug. 6, 2021) (incorporating packaging of products by reference); *see also Husain v. Campbell Soup Co.*, __ F. Supp. 3d __, 2024 WL 4011959 (N.D. Cal. Sept. 2, 2024); *Stewart v. Kodiak Cakes, LLC*, 537 F. Supp. 3d 1103, 1122 (S.D. Cal. 2021).  Where a "[p]laintiff references … scientific studies as proof of the falsity of Defendant's representations," such studies "form[] the basis of [p]laintiff's claims" and may also be incorporated by reference into the Complaint.  *Martin v. Doctor's Best, Inc.*, No. 23-CV-378-FWS-KES, 2023 WL 6370230, at *4 n.2 (C.D. Cal. Aug. 25, 2023).  Finally, dictionary definitions and information on government websites are proper subjects of judicial notice.  *Threshold Enters. Ltd. v. Pressed*

Kenvue's Request for Consideration and Judicial Notice in Support of Motion to Dismiss
Amended Complaint

*Juicery, Inc.*, 445 F. Supp. 3d 139, 146 (N.D. Cal. 2020); *Eidmann v. Walgreen Co.*, 522 F. Supp. 3d 634, 642 (N.D. Cal. 2021).

## II. SPECIFIC REQUESTS FOR CONSIDERATION OR JUDICIAL NOTICE [FRE 201(B)]

In accordance with the legal standards laid out above, Kenvue respectfully requests that the Court consider and/or take judicial notice of each of the following:

### A.    Full Packaging and Labeling of the Challenged Product

The Court should consider or take judicial notice of the full product label and packaging of the Tylenol® PM product that is referenced in the Amended Complaint ("AC")—the Tylenol PM Extra Strength 24-count caplets (the "Product"). AC ¶ 5. Plaintiff quotes text from and depicts portions of the Product label repeatedly throughout the Amended Complaint, and all of his claims are based on his allegations that the information conveyed on the Product's label is false and misleading. AC ¶¶ 5, 13-14, 32, 38-40, 43-47. The full Product packaging, including front, back, and side labels, is therefore incorporated into the Amended Complaint by reference, and their authenticity is beyond dispute. *Tellabs*, 551 U.S. at 322. Accordingly, it is appropriate to take judicial notice of the entire Product packaging, including the full front, back, and side labels. *Eidmann*, 522 F. Supp. 3d at 642 (taking judicial notice of product labels on motion to dismiss in labeling challenge where complaint "makes numerous references to both product labels" and "the labels are central to [plaintiff's] claims because it is the information conveyed on the [product's] packaging that [plaintiff] alleges was false or misleading"); *Vigil v. Gen. Nutrition Corp.*, No. 15-CV-0079 JM (DBH), 2015 WL 2338982, at *1 n.1 (S.D. Cal. May 13, 2015) ("[u]nder the doctrine of incorporation by reference," on a motion to dismiss, "the court may consider the full product label because Plaintiff quoted part of it").

Kenvue requests that the Court consider or take judicial notice of the images of the full product packaging of the Product, which are attached as **Exhibit A** to the Kipnees Declaration.

Kenvue's Request for Consideration and Judicial Notice in Support of Motion to Dismiss Amended Complaint

**B.**      **Scientific Studies Cited at Paragraph 35 of the Amended Complaint**

In the Amended Complaint, Plaintiff cites to 13 scientific studies.  He alleges that these studies "demonstrate[] that diphenhydramine," the active sleep-aid ingredient in Tylenol PM, "is habit-forming," and thus the "non-habit forming" label statement is false.  AC ¶ 35.  In this context, the Court may "incorporate[] by reference the scientific studies" in order to "consider whether the studies contradict [the p]laintiff's allegations." *Martin*, 2023 WL 6370230, at \*6.  It is therefore proper to consider the cited studies themselves to determine whether they support the conclusions the Amended Complaint ascribes to them.  *Id.* at \*5.

Accordingly, Kenvue respectfully requests that the Court take judicial notice of the following studies, each cited in the Amended Complaint and attached as **Exhibits B-N** to the Kipnees Declaration:

- **Ex. B**, Bonham, C., Birkmayer, F., *Severe Diphenhydramine Dependence and Withdrawal: Case Report,* J. Dual Diagnosis, Vol. 5, 97-103, 2009.

- **Ex. C**, Cox, D. et al., *Diphenhydramine Dependence*, Addiction, March 2001.

- **Ex. D**, De Nesnera, A.P., *Diphenhydramine Dependence: A Need for Awareness*, J. Clin. Psychiatry, March 1996.

- **Ex. E**, Dinndorf, P., et al., *Risk of Abuse of Diphenhydramine in Children and Adolescents with Chronic Illnesses*, J. Pediatr, Aug 1998.

- **Ex. F**, Erbe, S., Bschor, T., *[Diphenhydramine Addiction and Detoxification. A Systematic Review and Case Report]* Article in German, Psychiatr. Prax., July 2013.

- **Ex. G**, Feldman, M.D., Behar, M., *A Case of Massive Diphenhydramine Abuse and Withdrawal from Use of the Drug*, JAMA, June 1986.

- **Ex. H**, Gracious, B., et al., *The Importance of Taking a History of Over-the-Counter Medication Use: A Brief Review and Case Illustration of "PRN" Antihistamine Dependence in a Hospitalized Adolescent*, J. Child Adolesc. Psychopharmacol., Dec 2010.

Kenvue's Request for Consideration and Judicial Notice in Support of Motion to Dismiss Amended Complaint

- **Ex. I**, Herman, D.M., Bassetti C.L., *Reversible Opsoclonus after Diphenhydramine Misuse*, Eur. Neurol. 53(1):46-47, 2005.

- **Ex. J**, Jagroop, S., et al., *Chronic Diphenhydramine Abuse and Withdrawal: A Diagnostic Challenge*, Neurol Clin Pract, Oct 2017.

- **Ex. K**, Richardson, G., et al., *Tolerance to Daytime Sedative Effects of H1 Antihistamines*, J. Clin. Psychopharmacol., Oct 2002.

- **Ex. L**, Roberts, K., et al., *Misuse of Diphenhydramine Soft Gel Capsules (Sleepia): a Cautionary Tale from Glasgow*, Addiction, Oct 1999.

- **Ex. M**, Schifano, S., et al., *Focus on Over-the-Counter Drugs' Misuse: A Systematic Review on Antihistamines, Cough Medicines, and Decongestants*, Front Psychiatry, May 2021.

- **Ex. N**, Thomas, A., et al., *Diphenhydramine Abuse and Detoxification: A Brief Review and Case Report*, J. Psychopharmacol., Jan 2009.

### C.    Dictionary Definitions

The Amended Complaint quotes the Cambridge Dictionary, Merriam-Webster, and the American Psychological Association ("APA") Dictionary of Psychology's definitions of "habit." AC ¶ 40.  In the Motion, Kenvue references additional dictionary definitions of the relevant terms "habit-forming," "habit-forming drug," "abuse potential," and "tolerance."  *See* Mot. at 13-14.

"Dictionary definitions are … a proper subject for judicial notice."  *Threshold Enters. Ltd. v. Pressed Juicery, Inc.*, 445 F. Supp. 3d 139, 146 (N.D. Cal. 2020) (collecting cases); *see also Vampire Family Brands, LLC*, 2021 WL 4134841, at *1 ("Courts routinely take notice of dictionary … definitions[.]").

Kenvue therefore requests that the Court take judicial notice of the Merriam-Webster dictionary definitions of the terms "habit-forming" and "tolerance," available at https://www.merriam-webster.com/dictionary/habit-forming and https://www.merriam-webster.com/dictionary/tolerance, respectively; the Dictionary.com definition of "habit-forming," available at https://www.dictionary.com/browse/habit-forming; and the APA Dictionary of

Kenvue's Request for Consideration and Judicial Notice in Support of Motion to Dismiss Amended Complaint

Psychology's definition of "habit-forming drug," available at https://dictionary.apa.org/habit-forming-drug. Printouts of these definitions are attached as **Exhibits O-R** to the Kipnees Declaration.

**D.    Informational Webpage on FDA's Official Website**

The Court may also take judicial notice of information published on FDA's website (www.fda.gov) regarding over-the-counter ("OTC") drug labels.  It is well-settled that "[p]ublic records and . . . information on government agency websites . . . [are] properly subject to judicial notice," and the Court may therefore take notice of webpages published and hosted by FDA and available on FDA's official website.  *Eidmann*, 522 F. Supp. 3d at 642; *Eidson v. Medtronic, Inc.*, 981 F. Supp. 2d 868, 878-79 (N.D. Cal. 2013) (holding that documents appearing on FDA's public website may be judicially noticed); *Ries v. Hornell Brewing Co., Inc.*, No. 10-1139-JF (PVT), 2010 WL 2943860, at *5 n.3 (N.D. Cal. July 23, 2010) (holding that information available on FDA's official website is a matter of public record and is judicially noticeable).

Accordingly, Kenvue respectfully requests that the Court take judicial notice of "The Over-the-Counter Drug Facts Label" webpage published and hosted by the FDA and available on FDA's official website at https://www.fda.gov/drugs/understanding-over-counter-medicines/over-counter-drug-facts-label.  A printout of this webpage is attached as **Exhibit S** to the Kipnees Declaration.

Dated: December 23, 2024                    Respectfully submitted,

                                            */s/ Steven A. Zalesin*
                                            Steven A. Zalesin
                                            Joshua Kipnees
                                            PATTERSON BELKNAP WEBB & TYLER LLP
                                            1133 Avenue of the Americas
                                            New York, New York 10036
                                            Tel: (212) 336-2000
                                            Fax: (212) 336-2111
                                            sazalesin@pbwt.com
                                            jkipnees@pbwt.com

Kenvue's Request for Consideration and Judicial Notice in Support of Motion to Dismiss Amended Complaint