**SMITH KRIVOSHEY, PC**
Yeremey O. Krivoshey (State Bar No. 295032)
Brittany S. Scott (State Bar No. 327132)
166 Geary Street, Ste. 1500-1507
San Francisco, CA 94108
Phone:  415-839-7000
E-Mail: yeremey@skclassactions.com
        brittany@skclassactions.com

*Attorneys for Plaintiff*

*[Additional Counsel on Signature Page]*

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIRREON GOODSON, individually and on behalf of all others similarly situated, | Case No. 2:24-cv-03152-DC-JDP |
| Plaintiff, | **PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO TRANSFER** |
| v. | |
| KENVUE BRANDS LLC, | Date: March 21, 2025 |
| Defendant. | Time:  1:30 p.m. |
| | Courtroom:  8, 13th Floor |
| | Judge:  Hon. Dena Coggins |

**TABLE OF CONTENTS**

**PAGE(S)**

INTRODUCTION ..................................................................................................................1

LEGAL STANDARD ...........................................................................................................2

ARGUMENT .......................................................................................................................3

I.     VENUE IS PROPER UNDER § 1391(B)(2) BECAUSE A SUBSTANTIAL PART OF THE EVENTS GIVING RISE TO THE CLAIM OCCURRED IN THIS FORUM ........................................................................................................3

II.    THE INTERESTS OF CONVENIENCE FAVOR THIS FORUM ......................................4

     A.     Plaintiff's Choice of Forum Weighs Against Transfer................................4

     B.     The Convenience of the Parties and Witnesses is Neutral .........................5

     C.     The Ease of Access to Evidence is Neutral ................................................7

     D.     Local Interest in the Controversy Weighs Against Transfer.....................7

     E.     Court Congestion is Neutral .......................................................................8

     F.     The Applicability of California Law Weighs Against Transfer.................9

III.    *ROMOFF*, *MEZA*, AND *MINA* DO NOT COMPEL A FINDING THAT TRANSFER IS APPROPRIATE ........................................................................................9

CONCLUSION ...................................................................................................................11

# TABLE OF AUTHORITIES

**PAGE(S)**

**CASES**

*Allstar Mktg. Grp., LLC v. Your Store Online, LLC*,
    666 F. Supp. 2d 1109 (C.D. Cal. 2009)......................................................................................2

*Bos. Telecomms. Grp., Inc. v. Wood*,
    588 F.3d 1201 (9th Cir. 2009)...................................................................................................7

*Cochran v. NYP Holdings, Inc.*,
    58 F. Supp. 2d 1113 (C.D. Cal. 1998)......................................................................................5

*Decker Coal Co. v. Commonwealth Edison Co.*,
    805 F.2d 834 (9th Cir. 1986).............................................................................................1, 2, 6

*Doe v. Epic Games, Inc.*,
    2020 WL 376573 (N.D. Cal. Jan. 23, 2020) ........................................................................1, 7

*Florens Container v. Cho Yang Shipping*,
    245 F. Supp. 2d 1086 (N.D. Cal. 2002) ...................................................................................5

*Gherebi v. Bush*,
    352 F.3d 1278 (9th Cir. 2003)...................................................................................................5

*Goodyear Tire & Rubber Co. v. McDonnell Douglas Corp.*,
    820 F. Supp. 503 (C.D. Cal. 1992)...........................................................................................2

*Hatch v. Reliance Ins. Co.*,
    758 F.2d 409 (9th Cir. 1985).....................................................................................................3

*Hawkins v. Gerber Prod. Co.*,
    924 F. Supp. 2d 1208 (S.D. Cal. 2013) ....................................................................................5

*Hoffman v. Blaski*,
    363 U.S. 335 (1960) ..................................................................................................................3

*Imran v. Vital Pharms. Inc.*,
    2019 WL 1509180 (N.D. Cal. Apr. 5, 2019) ......................................................................7, 10

*In re Ferrero Litig.*,
    768 F. Supp 2d 1074 (S.D. Cal. 2011) ..................................................................................1, 9

*Ironworks Patents LLC v. Samsung Elecs. Co.*,
    2017 WL 3007066 (N.D. Cal. July 14, 2017) ..........................................................................6

*Jones v. GNC Franchising, Inc.*,
    211 F.3d 495 (9th Cir. 2000)................................................................................................... 3, 4

*Jurek v. Piller USA, Inc.*,
    2021 WL 2937050 (S.D. Cal. July 13, 2021).................................................................................. 4

*Kannar v. Alticor, Inc.*,
    2009 WL 975426 (N.D. Cal. Apr. 9, 2009) ................................................................................... 5

*Lax v. Toyota Motor Corp.*,
    65 F.Supp.3d 772 (N.D. Cal. 2014) ............................................................................................... 4

*Lou v. Belzberg*,
    834 F.2d 730 (9th Cir. 1987)........................................................................................... 1, 4, 5

*Metz v. U.S. Life Ins. Co.*,
    674 F. Supp. 2d 1141 (C.D. Cal. 2009)............................................................................................ 7

*Meyer Mfg. Co. v. Telebrands Corp.*,
    2012 WL 1189765 (E.D. Cal. Apr. 9, 2012)................................................................................... 5

*Meza v. Procter & Gamble*,
    2023 WL 3267861 (C.D. Cal. Apr. 27, 2023)............................................................................. 9, 10

*Mina v. Red Robin Int'l, Inc.*,
    2020 WL 4037163 (C.D. Cal. Mar. 3, 2020) ........................................................................ 9, 10, 11

*Newby v. Treyled Life Settlements LLC*,
    2024 WL 5186712 (E.D. Cal. Dec. 20, 2024)................................................................................. 8

*Pac. Car & Foundry Co. v. Pence*,
    403 F.2d 949 (9th Cir. 1968)........................................................................................................ 5

*Pizana v. SanMedica Int'l, LLC*,
    2023 WL 8528640 (E.D. Cal. Dec. 8, 2023)............................................................................... 1, 8

*Rice-Sherman v. Big Heart Pet Brands, Inc.*,
    2020 WL 1245130 (N.D. Cal. Mar. 16, 2020)...................................................................... 1, 7, 8, 10

*Roling v. E\*Trade Sec., LLC*,
    756 F. Supp. 2d 1179 (N.D. Cal. 2010) ......................................................................................... 4

*Romoff v. Johnson & Johnson Consumer, Inc.*,
    2022 WL 3905301 (S.D. Cal. Aug. 26, 2022) ........................................................................... 9, 10

*Secs. & Exch. Comm'n v. Christian Stanley, Inc.*,
    2012 WL 13012496 (C.D. Cal. Apr. 4, 2012)................................................................................. 8

*Shore to Shore Props., LLC v. Allied World Assurance*,
  2011 WL 4344177 (N.D. Cal. Sept. 15, 2011) ................................................................ 6

*Shultz v. Hyatt Vacation Mktg. Corp.*,
  2011 WL 768735 (N.D. Cal. Feb. 28, 2011)................................................................... 4, 6

*Sparling v. Hoffman Constr. Co.*,
  864 F.2d 635 (9th Cir. 1988)........................................................................................... 2

*Stewart Org. v. Ricoh Corp.*,
  487 U.S. 22 (1988).......................................................................................................... 2

*Stewart v. Azar*,
  308 F. Supp. 3d 239 (D.D.C. 2018) ............................................................................... 4

*STX, Inc. v. Trik Stik, Inc.*,
  708 F. Supp. 1551 (N.D. Cal. 1988) .............................................................................. 6

*Trevino v. Golden State FC*,
  2019 WL 6790763 (E.D. Cal. Dec. 12, 2019)................................................................ 8

*Tuazon v. R.J. Reynolds Tobacco Co.*,
  433 F.3d 1163 (9th Cir. 2006)........................................................................................ 7

*Van Dusen v. Barrack*,
  376 U.S. 612 (1964) .................................................................................................... 2, 3

*Van Slyke v. Capital One Bank*,
  503 F.Supp.2d 1353 (N.D. Cal. 2007) ........................................................................... 9

*Vu v. Ortho-McNeil Pharm., Inc.*,
  602 F. Supp. 2d 1151 (N.D. Cal. 2009) ......................................................................... 7

*Williams v. Bowman*,
  157 F.Supp.2d 1103 (N.D. Cal. 2001) ........................................................................... 4

**Statutes**

28 U.S.C. § 1391 (b)(1)-(2) ................................................................................................ 3

28 U.S.C. § 1391(b)(2) ....................................................................................................... 3

28 U.S.C. § 1404 ................................................................................................................ 2

28 U.S.C. § 1404(a)................................................................................................... 2, 3, 10

42 U.S.C. §§ 227 ............................................................................................................... 10

**INTRODUCTION**

This District is a proper forum for this case, and the Court should deny Kenvue Brands LLC's ("Defendant") motion to transfer. Plaintiff Sirreon Goodson ("Plaintiff") (together with Defendant, the "Parties") resides in this District, was exposed to Defendant's misleading conduct in this District, purchased Tylenol PM in this District, and was injured in this District. First Amended Complaint ("FAC") ¶¶ 15-16. Plaintiff brings claims under California's Consumer Legal Remedies Act, California's Unfair Competition Law, and California's False Advertising Law. *Id.* ¶¶ 64-98. Moreover, Plaintiff alleges claims on behalf of a California subclass. *Id.* ¶ 56.

The crux of Defendant's argument is that the interests of convenience support transfer to the Eastern District of Pennsylvania, where it is headquartered. But Defendant does not meet its burden to demonstrate that interests of convenience and justice support transfer. Here, the interest of convenience supports denial of Defendant's Motion. First, the Court should give great weight to Plaintiff's choice of forum, given that it is his home forum. *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987) (A court may afford "great weight" to the plaintiff's choice of forum, especially "when the plaintiff has chosen to file the lawsuit in its home forum."). Second, the Eastern District of Pennsylvania does not serve the convenience of the parties and witnesses. Indeed, "transfer would merely shift" the inconvenience to Plaintiff "rather than eliminate" it. *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986). Third, "in the age of electronically stored information, the ease of access to evidence is neutral because much of the evidence in this case will be electronic documents, which are relatively easy to obtain in any district." *Doe v. Epic Games, Inc.*, 2020 WL 376573, at *9 (N.D. Cal. Jan. 23, 2020). Fourth, a "California district court is more familiar with California law than district courts in other states." *In re Ferrero Litig.*, 768 F. Supp 2d 1074, 1081 (S.D. Cal. 2011). Fifth, "California maintains a stronger local interest to enforce its consumer protection claims to protect its residents," thus this factor weighs against transfer. *Rice-Sherman v. Big Heart Pet Brands, Inc.*, 2020 WL 1245130, at *5 (N.D. Cal. Mar. 16, 2020). Sixth, "administrative considerations such as docket congestion are given little weight in this circuit in assessing the propriety of a § 1404(a) transfer." *Pizana v. SanMedica Int'l, LLC*,

2023 WL 8528640, at *28 (E.D. Cal. Dec. 8, 2023).  As such, the relative congestion of this Court does not weigh towards transfer.

Accordingly, the Court should deny Defendant's motion.

**LEGAL STANDARD**

A district court may transfer an action to a different judicial district for "the convenience of the parties and witnesses [and] in the interest of justice."  28 U.S.C. § 1404(a).  To support a § 1404(a) transfer motion, the movant must show: "(1) that venue is proper in the transferor district; (2) that the transferee district is one where the action might have been brought; and (3) that the transfer will serve the convenience of the parties and witnesses and will promote the interest of justice."  *Goodyear Tire & Rubber Co. v. McDonnell Douglas Corp.*, 820 F. Supp. 503, 506 (C.D. Cal. 1992).  District courts have broad discretion whether to grant § 1404(a) transfer motions, but must apply an "individualized, case-by-case consideration of convenience and fairness" when adjudicating such motions.  *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)); *see also Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 639 (9th Cir. 1988).

In a motion to transfer, the "burden is on the moving party to establish that a transfer will allow a case to proceed more conveniently and better serve the interests of justice."  *Allstar Mktg. Grp., LLC v. Your Store Online, LLC*, 666 F. Supp. 2d 1109, 1131 (C.D. Cal. 2009).  Analysis under § 1404 is twofold.  First, the defendant must establish that the matter "might have been brought" in the district to which transfer is sought.  28 U.S.C. § 1404(a).  Second, the Court must balance three factors: (1) convenience of the parties; (2) convenience of the witnesses; and (3) interests of justice.  *See* 28 U.S.C. § 1404(a).  Importantly, a transfer should decrease the overall inconvenience of the case rather than simply shift the inconvenience from one party to another. *Decker Coal Co.*, 805 F.2d at 843 (affirming the denial of a motion to transfer because a transfer would "merely shift rather than eliminate the inconvenience").  The Ninth Circuit has identified factors that district courts may consider to inform the three-part § 1404(a) inquiry as follows: "(1) the location where the relevant agreements were negotiated and executed; (2) the state that is most familiar with the governing law; (3) the plaintiff's choice of forum; (4) the respective parties'

contacts with the forum; (5) the contacts relating to the plaintiff's cause of action in the chosen forum; (6) the differences in the costs of litigation in the two forums; (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses; and (8) the ease of access to sources of proof." *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498–99 (9th Cir. 2000).

## ARGUMENT

### I. VENUE IS PROPER UNDER § 1391(B)(2) BECAUSE A SUBSTANTIAL PART OF THE EVENTS GIVING RISE TO THE CLAIM OCCURRED IN THIS FORUM

Defendant contends transfer is proper "because this action 'might have been brought' in the Eastern District of Pennsylvania." Mot. at 4. But venue is equally proper in the Eastern District of California.

A transfer motion made under 28 U.S.C. § 1404(a) requires two findings: (1) that the proposed court is one where the action might have been brought, and (2) that the convenience of the parties and witnesses in the interest of justice favor transfer. *See Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 414 (9th Cir. 1985). For the first part of the test, courts look to whether an action "might have been brought" in that district by reference to whether that court would have original jurisdiction over the matter and venue would be proper. *See id.* (citing *Hoffman v. Blaski*, 363 U.S. 335, 343–44 (1960) and *Van Dusen v. Barrack*, 376 U.S. 612, 620 (1964).) "A civil action may be brought in . . . a judicial district in which any defendant resides" or "a substantial part of the events or omissions giving rise to the claim occurred[.]" 28 U.S.C. § 1391 (b)(1)-(2).

Here, Plaintiff alleges a "substantial part of the events or omissions giving rise to" his "claim occurred" in the Eastern District of California. 28 U.S.C. § 1391(b)(2). Indeed, the FAC alleges that Plaintiff "is domiciled in California, residing in Sacramento, California." FAC ¶ 15. Moreover, "Plaintiff purchased the Product from a Walmart and Walgreens in Sacramento, California for his personal use." *Id.* ¶ 16. These facts are more than sufficient to establish venue in this District.

## II.  THE INTERESTS OF CONVENIENCE FAVOR THIS FORUM

In the second step, the court weighs several factors to determine whether a transfer of venue serves the convenience of the parties and witnesses and promotes the interests of justice, including, among others: (1) the plaintiff's choice of forum; (2) the convenience of the parties; (3) the convenience of the witnesses; (4) ease of access to evidence; (5) familiarity of each forum with the applicable law; (6) any local interest in the controversy; (7) availability of compulsory process for non-party witnesses; and (8) relative court congestion.  *See Jones*, 211 F.3d at 498-99; *Williams v. Bowman*, 157 F.Supp.2d 1103, 1106 (N.D. Cal. 2001).  "The burden is on the party seeking transfer to show that when these factors are applied, the balance of convenience clearly favors transfer." *Lax v. Toyota Motor Corp.*, 65 F.Supp.3d 772, 776 (N.D. Cal. 2014).

### A.    Plaintiff's Choice of Forum Weighs Against Transfer

Defendant argues that "Plaintiff's choice of forum—the Eastern District of California—is of minimal importance in this case" and therefore should be dismissed as a basis for denying its motion.  Motion to Transfer ("Mot.") at 11.  That is wrong.

A court may afford "great weight" to the plaintiff's choice of forum, especially "when the plaintiff has chosen to file the lawsuit in its home forum." *Lou*, 834 F.2d at 739.  This deference is particularly strong when a plaintiff chooses their home forum, and the claimed injury occurred in that forum.  *See Jurek v. Piller USA, Inc.*, 2021 WL 2937050, at *3–4 (S.D. Cal. July 13, 2021); *Shultz v. Hyatt Vacation Mktg. Corp.*, 2011 WL 768735, at *3 (N.D. Cal. Feb. 28, 2011).

In class actions, however, a plaintiff's choice of forum may be accorded less weight.  *See Lou*, 834 F.2d at 739 ("Although great weight is generally accorded plaintiff's choice of forum . . . when an individual . . . represents a class, the named plaintiff's choice of forum is given less weight.").  Nonetheless, even in a class action, "[i]n judging the weight to be accorded [plaintiff's] choice of forum, consideration must be given to the extent of both [the plaintiff's] and the [the defendant's] contacts with the forum, including those relating to [plaintiff's] cause of action . . . " *Id*. (internal citations omitted).  The rationale for affording less weight to a plaintiff's choice of forum in class actions is "to guard against forum shopping." *See Stewart v. Azar*, 308 F. Supp. 3d 239, 245 (D.D.C. 2018) (collecting cases); *see also Roling v. E*Trade Sec., LLC*, 756 F. Supp. 2d

1179, 1185–86 (N.D. Cal. 2010) ("In part, the reduced weight on plaintiff's choice of forum in class actions serves as a guard against the dangers of forum shopping, especially when a representative plaintiff does not reside within the district.").

Here, Plaintiff is a resident of the Eastern District of California and was injured in this District.  FAC ¶ 15-16.  Moreover, there is no evidence of forum shopping in this case.  Indeed, Defendant does not identify any factors indicating forum shopping.  There are also no other cases against Defendant relating to the same subject matter pending in a different district.  Accordingly, Plaintiff's choice of forum is "entitled to [more than] minimal consideration[.]" *Lou*, 834 F.2d at 739 (citing *Pac. Car & Foundry Co. v. Pence*, 403 F.2d 949, 954 (9th Cir. 1968)).

### B.   The Convenience of the Parties and Witnesses is Neutral

Defendant asserts that the convenience of the Parties and witnesses favor transfer because "[t]he overwhelming majority of key witnesses and documentary evidence in this case is [] located in and around Kenvue's Fort Washington office."  Mot. at 7.  Not so.

"In determining the convenience of the witnesses, the Court must examine the materiality and importance of the anticipated witnesses' testimony and then determine their accessibility and convenience to the forum."  *Gherebi v. Bush*, 352 F.3d 1278, 1304 n.33 (9th Cir. 2003).  In considering the convenience factor, courts should consider "not only the number of witnesses located in the respective districts, but also the nature and quality of their testimony in relationship to the issues in the case."  *Kannar v. Alticor, Inc.*, 2009 WL 975426, at *2 (N.D. Cal. Apr. 9, 2009).  "[T]o show inconvenience to witnesses, the moving party should state the witnesses' identities, locations, and content and relevance of their testimony."  *Meyer Mfg. Co. v. Telebrands Corp.*, 2012 WL 1189765, at *6 (E.D. Cal. Apr. 9, 2012) (citing *Florens Container v. Cho Yang Shipping*, 245 F. Supp. 2d 1086, 1092–93 (N.D. Cal. 2002)); *see also Cochran v. NYP Holdings, Inc.*, 58 F. Supp. 2d 1113, 1119 (C.D. Cal. 1998).

Further, not all witnesses are treated equal.  "[I]n balancing the convenience of the witnesses, primary consideration is given to third part[ies], as opposed to employee witnesses."  *Hawkins v. Gerber Prod. Co.*, 924 F. Supp. 2d 1208, 1215 (S.D. Cal. 2013) (quoting *Kannar*, 2009 WL 975426, at *2).  Indeed, the "convenience of [a] parties' employee witnesses is entitled to little

weight because they can be compelled by their employers to testify regardless of venue." *Ironworks Patents LLC v. Samsung Elecs. Co.*, 2017 WL 3007066, at *3 (N.D. Cal. July 14, 2017); *see also Shore to Shore Props., LLC v. Allied World Assurance*, 2011 WL 4344177, at *3 (N.D. Cal. Sept. 15, 2011) (same); *STX, Inc. v. Trik Stik, Inc.*, 708 F. Supp. 1551, 1556 (N.D. Cal. 1988) ("Moreover, defendant's claim that defense witnesses could not be expected to appear at trial must be discounted since at least four of the six witnesses are defendant's employees whom defendant can compel to testify.").

Here, Defendant has not met its burden to establish inconvenience to the Parties or witnesses. Defendant has only identified one potential witness that may testify here, Leslie Bloom. Otherwise, Defendant has not identified any specific witnesses or the specific subject matter of their testimony as required to meet its burden. *See* Declaration of Leslie Bloom ("Bloom Decl.") at ¶¶ 7-8 (generically discussing unnamed "officers and managers" who may be potential witnesses). At best, Defendant argues that unspecified **employees** would be witnesses. Mot. at 8 ("because Kenvue's employees and representatives who are most likely to testify in this case are located in the transferee district, this factor strongly weighs in favor of transfer."). Further, Defendant does not identify a single third-party witness that may be inconvenienced by litigation in this District. Accordingly, this does not support the transfer of this action to Pennsylvania.

Defendant attempts to increase the weight of this factor by arguing that "Plaintiff's role as a witness will likely be comparatively limited, as his testimony will focus on his purchase and use of Tylenol PM." Mot. at 8. However, transfer is not appropriate if it simply shifts the inconvenience from one party to another. *Decker Coal Co.*, 805 F.2d at 843; *Shultz v. Hyatt Vacation Mktg. Corp.*, 2011 WL 768735, at *6 (N.D. Cal. Feb. 28, 2011). Here, Defendant seeks to do exactly that and shift the burden of inconvenience to Plaintiff. If the case is transferred, Plaintiff will have to travel to Pennsylvania. If the case is not transferred, an unidentified number of Defendant's employees would be required to travel to California.

Accordingly, the convenience of the Parties and witnesses is a neutral factor because it would be just as inconvenient for Plaintiff to participate in a Pennsylvania action as it would be for Defendant's employees to participate in a California action.

### C. The Ease of Access to Evidence is Neutral

Defendant contends that transfer is appropriate because "most of the non-testimonial evidence in this litigation is likely to be derived from Defendant's corporate records, primarily located in Pennsylvania or New Jersey." Mot. at 8. But "the 'ease of access to documents does not weigh heavily in the transfer analysis, given that advances in technology have made it easy for documents to be transferred to different locations.'" *Metz v. U.S. Life Ins. Co.*, 674 F. Supp. 2d 1141, 1149 (C.D. Cal. 2009). "[A]lthough . . . relevant records might be in electronic and physical form at [Defendant's] principal place of business . . . the prevalence of technology makes access to evidence relatively easy to obtain in any district." *Rice-Sherman*, 2020 WL 1245130, at *5; *Doe*, 2020 WL 376573, at *9 ("[I]n the age of electronically stored information, the ease of access to evidence is neutral because much of the evidence in this case will be electronic documents, which are relatively easy to obtain in any district."). Accordingly, this factor is neutral.

### D. Local Interest in the Controversy Weighs Against Transfer

Defendant asserts that "Pennsylvania's interest in the controversy strongly favors transfer" because it "has an 'interest in preventing fraudulent practices by resident businesses.'" Mot. at 8. That is wrong.

A district has a strong local interest when the "events at issue took place there." *Vu v. Ortho-McNeil Pharm., Inc.*, 602 F. Supp. 2d 1151, 1157 (N.D. Cal. 2009). A court need not consider whether another forum has an interest in the litigation, only that the chosen forum has an identifiable local interest. *See Bos. Telecomms. Grp., Inc. v. Wood*, 588 F.3d 1201, 1212 (9th Cir. 2009) (finding that with this "factor, we ask only if there is an identifiable local interest in the controversy, not whether another forum also has an interest" (quoting *Tuazon v. R.J. Reynolds Tobacco Co.*, 433 F.3d 1163, 1182 (9th Cir. 2006)). Courts routinely find California has a strong local interest in curbing fraudulent business practices occurring in the state. *Imran v. Vital Pharms.*

*Inc.*, 2019 WL 1509180, at *6 (N.D. Cal. Apr. 5, 2019) (holding that California's interest in protecting local consumers outweighed transferee venue's interest in curbing fraudulent practices by businesses headquartered there); *Rice-Sherman,* 2020 WL 1245130, at *5 ("California maintains a stronger local interest to enforce its consumer protection claims to protect its residents (the California-only class here) and regulate the alleged wrongful conduct of corporations[.]").

Here, Plaintiff resides in this District, was exposed to Defendant's misleading conduct in this District, purchased Tylenol PM in this District, and was injured in this District.  FAC ¶¶ 15-16. Plaintiff brings claims under California's Consumer Legal Remedies Act, California's Unfair Competition Law, and California's False Advertising Law.  *Id.* ¶¶ 64-98.  Moreover, Plaintiff alleges claims on behalf of a California subclass.  *Id.* ¶ 56.  As such, California has the stronger interest in this controversy and this factor weighs against transfer.

### E.    Court Congestion is Neutral

Defendant asserts that "the relevant court congestion of each district strongly favors transfer."  Mot. at 9.  However, "'administrative considerations such as docket congestion are given little weight in this circuit in assessing the propriety of a § 1404(a) transfer.'"  *Pizana v. SanMedica Int'l, LLC*, 2023 WL 8528640, at *28 (E.D. Cal. Dec. 8, 2023); *Secs. & Exch. Comm'n v. Christian Stanley, Inc.*, 2012 WL 13012496, *4 (C.D. Cal. Apr. 4, 2012) ("[D]ocket congestion [is] given little weight in this circuit in assessing the propriety of a § 1404(a) transfer.").  Indeed, courts in this District have found that "[o]n its own, . . . the inundated state of the Eastern District's case load is not adequate to warrant transfer."  *Newby v. Treyled Life Settlements LLC*, 2024 WL 5186712, at *19 (E.D. Cal. Dec. 20, 2024); *Trevino v. Golden State FC*, 2019 WL 6790763, at *6 (E.D. Cal. Dec. 12, 2019) (denying transfer where the defendant "offer[ed] no authority for the proposition that court congestion alone provides an adequate reason to transfer an action to another district.").  Here, Plaintiff does not dispute that the Eastern District is congested.  However, as discussed above, this factor carries little weight in this Circuit.  Accordingly, this factor should be considered neutral at best.

**F.** **The Applicability of California Law Weighs Against Transfer**

Defendant argues that "[t]he courts' familiarity with the governing law does not point for or against transfer." Mot. at 10. Not so.

As discussed above, Plaintiff resides in this District, was exposed to Defendant's misleading conduct in this District, purchased Tylenol PM in this District, and was thus injured in this District. FAC ¶¶ 15-16. Plaintiff brings claims under California's Consumer Legal Remedies Act, California's Unfair Competition Law, and California's False Advertising Law. *Id.* ¶¶ 64-98. It is clear that California law applies here. "A California district court is more familiar with California law than district courts in other states." *In re Ferrero Litig.*, 768 F. Supp 2d 1074, 1081 (S.D. Cal. 2011); *see also Van Slyke v. Capital One Bank*, 503 F.Supp.2d 1353, 1366 (N.D. Cal. 2007) ("Since this order has determined that California law should govern, at least as to the California claims, it would be better to have a judge familiar with California law to preside over this case.").

Moreover, Defendant's argument that "this factor is . . . a wash" because "it is unclear whether and to what extent California law will even apply to the putative classes' claims," is a red herring. Mot. at 11. Here, it is undisputed that Plaintiff brings claims under California law. While Defendant may dispute what law is applicable to the nationwide and multistate classes, this case cannot proceed without application of California law to Plaintiff's claims.

Accordingly, this factor weighs against transfer.

**III.** ***ROMOFF*, *MEZA*, AND *MINA* DO NOT COMPEL A FINDING THAT TRANSFER IS APPROPRIATE**

Defendant contends that this Court should follow the transfer orders in *Romoff v. Johnson & Johnson Consumer, Inc.*, 2022 WL 3905301 (S.D. Cal. Aug. 26, 2022), *Meza v. Procter & Gamble*, 2023 WL 3267861 (C.D. Cal. Apr. 27, 2023), and *Mina v. Red Robin Int'l, Inc.*, 2020 WL 4037163 (C.D. Cal. Mar. 3, 2020). But these cases are distinguishable.

First, *Romoff v. Johnson & Johnson Consumer, Inc.* was incorrectly decided. There, the court granted the motion to transfer after finding that the plaintiff's choice of forum was "entitled to very little weight." 2022 WL 3905301 at *3. Likewise, when considering the inconvenience of

the parties and witnesses, the court did not weigh inconvenience to the plaintiff and only considered the inconvenience to the defendant. *See id.* at *4. Further, regarding the local interest factor, the court cursorily concluded that California's interest in the controversy was "too attenuated." *Id.* But this finding completely ignores contrary case law. *See Imran*, 2019 WL 1509180, at *6 (holding that California's interest in protecting local consumers outweighed transferee venue's interest in curbing fraudulent practices by businesses headquartered there); *Rice-Sherman*, 2020 WL 1245130, at *5 ("California maintains a stronger local interest to enforce its consumer protection claims to protect its residents (the California-only class here) and regulate the alleged wrongful conduct of corporations[.]").

Second, *Meza v. Procter & Gamble* is inapposite. In *Meza*, the plaintiff alleged that DayQuil cough medicine was falsely labeled as "non-drowsy" and misled reasonable consumers to believe that DayQuil would "not cause drowsiness and that drowsiness is not a side effect" of use. *Meza*, 2023 WL 3267861, at *1. Notably, there was a "substantially similar nationwide class action against P&G [filed] in the Southern District of New York." *Id.* *2. The related action was voluntarily dismissed one month before filing of *Meza*. *Id.* Further, the plaintiff's counsel had "filed more than a dozen class actions across the country against retailers and manufacturers of 'non-drowsy' medications." *Id.* Thus, because the plaintiff's counsel "engaged in forum shopping in choosing to file suit in this District, the [c]ourt disregard[ed] the usual rule that a plaintiff's choice of forum is afforded substantial weight and instead [found] that Plaintiff's "choice will be accorded little deference." *Id*. at *6.

Here, unlike *Meza*, there is no evidence of forum shopping. Nor is there a related action in a different district. Accordingly, the Court should disregard *Meza* and give Plaintiff's choice of forum the deference to which it is entitled.

Third, *Mina v. Red Robin Int'l, Inc.*, is inapplicable. In *Mina*, the plaintiff brought a "putative class action under the Telephone Consumer Protection Act ('TCPA'), 42 U.S.C. §§ 227 *et seq*." 2020 WL 4037163, at *1. The defendant sought to "transfer the case to the District of Colorado under the forum-selection clause and 28 U.S.C. § 1404(a)." Given the claim was brought under a federal statute, it ma[de] sense that "Colorado ha[d] a significant local interest in having a

dispute involving a company headquartered in its state decided at home," and that deference was given to the Defendant's headquarters. *Id.* at *4.

In contrast, here Plaintiff's claims are brought under California law and do not involve any federal statutes. *Supra* Section II(D).  Thus, Defendant's reliance on *Mina* is unavailing and the Court should find Defendant's contentions for transfer inappropriate.

<strong>CONCLUSION</strong>

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendant's motion in its entirety.

Dated: February 10, 2025　　　　　**SMITH KRIVOSHEY, PC**

By:　_____*/s/ Brittany S. Scott*_____
　　　　　　Brittany S. Scott

**SMITH KRIVOSHEY, PC**
Yeremey O. Krivoshey (State Bar No. 295032)
Brittany S. Scott (State Bar No. 327132)
166 Geary Street, Ste. 1500-1507
San Francisco, CA 94108
Phone:  415-839-7000
E-Mail: yeremey@skclassactions.com
　　　　brittany@skclassactions.com

**SMITH KRIVOSHEY, PC**
Joel D. Smith (State Bar No. 244902)
867 Boylston Street, 5th Floor, Ste. 1520
Boston, MA 02116
Phone:  617-377-7404
E-Mail: joel@skclassactions.com

**BURSOR & FISHER, P.A**.
L. Timothy Fisher (State Bar No. 191626)
1990 North California Blvd., 9th Floor
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile:  (925) 407-2700
E-mail: ltfisher@bursor.com

*Attorneys for Plaintiff*